IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41064
Conference Calendar

_____


WILLIE RAY MCDONALD,

                                        Plaintiff-Appellant,

versus

PEGGY GRIFFIN, LVN, Michael Unit; TDCJ-ID;
UNKNOWN DEFENDANTS,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96-CV-904
- - - - - - - - - -
June 16, 1998
Before DAVIS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Willie Ray McDonald, Texas state prisoner #293731, appeals
from the district court's judgment dismissing his deliberate-
indifference-to-serious-medical-needs civil rights claim as
frivolous and for failure to state a claim.  McDonald contends
that the magistrate judge erred in refusing to allow him to

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

introduce into evidence at the <u>Spears</u>[**] hearing documentary and physical evidence.

The magistrate judge did not deny McDonald the right to submit documentary evidence.  Rather, the magistrate judge instructed McDonald to mail the documentary evidence to the clerk's office if McDonald wanted to make the documents part of the record.  McDonald failed to submit the evidence to the court prior to the magistrate judge's issuance, more than one month after the <u>Spears</u> hearing, of his report and recommendation. Further, as McDonald concedes on appeal, the district court nonetheless considered the medical records, which McDonald attached to his objections to the magistrate judge's report.  A review of the transcript of the <u>Spears</u> hearing reveals that McDonald did not request that the magistrate judge inspect his knees at the hearing.

McDonald's appeal is without arguable merit, is frivolous, and is DISMISSED.  <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.

This is not the first complaint or appeal filed by McDonald that has been dismissed as frivolous.  A prisoner may not

> bring a civil action or appeal a judgment in
> a civil action or proceeding under this
> section if the prisoner has, on 3 or more
> prior occasions, while incarcerated or
> detained in any facility, brought an action
> or appeal in a court of the United States
> that was dismissed on the grounds that it is

---

[**] <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).

> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,
> unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).  Including the dismissal of this suit and this appeal, McDonald has four "strikes."  See Adepegba v. Hammons, 103 F.3d 383, 386-88 (5th Cir. 1996).  The district court's dismissal as frivolous of McDonald's lawsuit in McDonald v. Johnson, No. G-93-388 (S.D. Tex. Nov. 14, 1996), counts as one strike.  The district court's dismissal of McDonald's claims as frivolous in McDonald v. Wacker is another strike.  See McDonald v. Wacker, No. 97-40539 (5th Cir. Sept. 24, 1997) (unpublished).  The district court's dismissal as frivolous in the instant case is yet another strike.  This court's dismissal of the instant appeal is also a strike.

Except for cases involving an imminent danger of serious physical injury, McDonald is barred under § 1915(g) from proceeding further under § 1915.  He may proceed in subsequent civil cases under the fee provisions of 28 U.S.C. §§ 1911-14.

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR ORDERED.